RACHAEL GREENBERG, Respondent, *v.* SOLOMON H. SCHLANGER, Appellant.

Negligence — nuisance — when extension of cellar stairway a few inches into a sidewalk not a nuisance — when owner of building not guilty of negligence in maintaining stairway — appeal — motion to dismiss complaint — erroneous postponement of decision thereof — when exception thereto sufficient to raise question of law as to dismissal of complaint.

1. An extension of a stairway from a cellar projecting into the sidewalk of a public street in the city of New York about five inches and about three-quarters of an inch above the surface of the walk, between the posts of a railing along the stairway, it being disputed as to whether chains were stretched between the posts, does not support a finding of negligence on the part of the owner where there is no evidence to show that either the step or the posts caused or contributed to plaintiff's fall down the stairway. The only city ordinance relating to gates or chains at such stairways is confined by its terms to protection at night. (L. 1917, ch. 382; Code of Ordinances for 1915, p. 319.)

2. The case was submitted to the jury on the theory of nuisance, which was first alluded to in the charge, and it must be assumed in the absence of objection properly submitted on that theory; and on the theory of negligence, which had no evidence to sustain it. It cannot be said on which ground the verdict was based. At the close of the

evidence a motion was made to dismiss the complaint on the ground that no negligence had been shown. Decision was reserved and an exception taken. At that time the motion to dismiss should have been granted as no negligence had been shown, and no fresh exception or request to charge was required.

*Greenberg* v. *Schlanger,* 183 App. Div. 929, reversed.

(Submitted April 22, 1920; decided June 1, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 15, 1918, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isidore Cohen* for appellant. There was no evidence to sustain the jury's verdict that the defendant was negligent. (*Opper* v. *Hillinger,* 116 App. Div. 261.)

*Nathan Kelmenson* and *Samuel Tanz* for respondent. The plaintiff has proved sufficient facts to constitute a cause of action in negligence. (*Beck* v. *Carter,* 68 N. Y. 283; *McNulty* v. *Ludwig & Co.,* 152 App. Div. 206.)

ANDREWS, J. The defendant was the owner of a building fronting on Rivington street, New York city. From the cellar a stairway led to the sidewalk above. The riser of the upper stair, a slab of stone three and one-quarter inches wide, cut into the inner edge of the walk some five inches, as the jury was told without objection, and rose above the surface three-quarters of an inch. At each side of the stairway set at this inner edge of the walk were posts. From them to the building ran a railing. Whether between the posts, across the front of the stairway, chains were stretched at the time of the accident, and if so what was their position is in dispute. The plaintiff fell down this stairway between ten and

eleven o'clock· on the morning of February 22, 1916. The complaint alleges negligence on the part of the defendant in that the front of the stairway was not protected by gates or chains and in that the stairway was negligently kept and maintained and allowed to remain in a dangerous condition. The answer is a general denial.

Under the evidence offered any negligence consisted either in the absence of chains or gates; in the height of the riser above the walk, or in the fact that the stairway projected into the street for five inches. The first question may be eliminated. It is ·true that although the city ordinance upon which the plaintiff relies was not offered in evidence, as the case was tried in New York we may take judicial notice of it. (L. 1917, chap. 382.) The ordinance, however, referring to gates or chains at cellar ways is confined by· its terms to protection at night (Code of Ordinances for 1915, p. 319); so even had it been called to the attention of the jury as bearing upon the question of defendant's negligence it would have been immaterial. Apart from the ordinance, no evidence was produced showing the need of such guards or that they customarily were used elsewhere. The same result must be reached as to the second question. Even were we disposed to hold that a finding of negligence might be based upon the height of the riser there is no testimony that this situation contributed to the accident. There is nothing to show that the plaintiff caught her foot, or stubbed her toe, or slipped because of the elevation. Finally the extension of the steps five inches beyond the posts into the sidewalk, three and one-quarter inches of this space being ·occupied by the riser, was not negligent. Even if it were, it does not appear that it caused the injury complained of.

At the close of the evidence a motion was made to dismiss the complaint on the ground that no negligence had been shown. · Decision was reserved and an exception

was taken. Thereupon the jury was instructed that the projection of five inches was an encroachment on the public streets and if made without the consent of the authorities constituted a nuisance. If any damages resulted the defendant was liable irrespective of negligence. The structure having existed for a number of years the jury might or might not infer permission. Even had consent been given, however, was there negligence in the maintenance of the stairway? At the end of the charge no other exception was taken by the defendant and no material requests were made by him.

The case was submitted to the jury, therefore, on the theory of nuisance and on the theory of negligence, and resulted in a general verdict for the plaintiff. As to the first theory the defendant made no objection. He cannot complain of what was said on this subject and had the complaint been based in part upon nuisance, or had the trial proceeded in part upon that theory, the motion to dismiss solely because no negligence had been shown would have been properly denied. The allusion to nuisance, however, first appears in the charge. The court submits to the jury two distinct grounds of liability — one having no evidence to sustain it, the other, we must assume in the absence of objection, properly. Disregarding the conversation between the court and the foreman after the verdict was rendered, we cannot say upon which ground the verdict was based. The judgment must, therefore, be reversed if the error is presented to us by a proper exception.

We conclude that it is. At the time it was made the motion to dismiss should have been granted. The defendant was entitled to a decision. Instead it was reserved and to this action an exception was taken. Under the circumstances, when the language of the charge showed the intent of the court not to grant the motion, no fresh exception and no request to charge was required. The refusal of the trial judge to grant a

proper request is the error of which the defendant complains.

The judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

Hiscock, Ch. J., Chase, Collin and Pound, JJ., concur; Cardozo and Crane, JJ., dissent.

Judgments reversed, etc.