MARY FALLON, an Infant, by WILLIAM H. FALLON, Her Guardian ad Litem, Appellant, v. JAMES CAPOZZI and Another, Copartners, etc., Respondents.— Judgment and order denying plaintiff's motion to set aside the verdict as inadequate unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

WILLIAM H. FALLON, Appellant, v. JAMES CAPOZZI and Another, Copartners, etc., Respondents.— Judgment and order denying plaintiff's motion to set aside the verdict as inadequate, unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

HARRY GOLDBERG, Respondent, v. THE LONDON ASSURANCE CORPORATION, Appellant.— Judgment reversed on the law and a new trial granted, with costs to abide the event, on the ground that the question as to whether the car was stolen should have been submitted to the jury. Kelly, P. J., Rich, Manning and Young, JJ., concur; Kapper, J., dissents and votes to affirm.

JACOB GUTMAN, an Infant, by DAVID GUTMAN, His Guardian ad Litem, Respondent, v. MEYER ROSENBLOOM, Appellant.— Judgment and order reversed on the law and the facts and a new trial granted, with costs to abide the event. We are of opinion that the extension of the step one and one-half to three inches beyond the posts into the sidewalk did not constitute negligence, and as it does not affirmatively appear that the worn portion of the step, one-half inch in depth, was the cause of plaintiff's fall, the verdict of the jury is against the weight of the evidence. (*Greenberg* v. *Schlanger*, 229 N. Y. 120, 122.) Rich, Manning, Young and Kapper, JJ., concur; Kelly, P. J., dissents.

In the Matter of the Petition of ANGELINA PUGLIESE to Prove the Last Will and Testament of EMANUELA PECORAINO, Late of the County of Kings, Deceased.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs. The record presents a case where there is not a particle of evidence contradicting the testimony of the subscribing witnesses to the will, or the facts as testified to by each of them. There was no issue of fact for submission to the jury. Under these circumstances the learned surrogate was entirely correct in admitting the will to probate. (See *Matter of Burnham*, 201 App. Div. 621; affd., 234 N. Y. 475; *Matter of Bennett*, 207 App. Div. 388.) Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

In the Matter of the Petition of JACOB ROSENBERG and Others, Appellants, for the Compulsory Settlement of the Account of BARBARA ROSENBERG and Others, as Executors and Trustees, etc., of CHARLES ROSENBERG, Deceased, Respondents.— Decree of the Surrogate's Court of Richmond county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

MAX KALIK, Respondent, v. O. L. K. CONSTRUCTION Co., INC., and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

LUDWIG KEIPER, Respondent, v. JOHN CAREY and Another, Appellants.— Judgment unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.