IRVING SWARTZMAN, an Infant, by NATHAN SWARTZMAN, His Guardian ad Litem, and Another, Respondents, *v.* SOCOL REALTY COMPANY, Appellant.*

First Department, November 6, 1931.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*Max J. Merbaum,* for the respondents.

MARTIN, J. This case presents for review the construction of a municipal ordinance (Code of Ordinances of City of New York, chap. 23, § 164). The infant plaintiff tripped and fell down a cellar stairway in front of premises known as No. 910 Intervale avenue, borough of Bronx, city of New York, while walking along the street with his mother.

The question now arises whether the defendant is liable for negligence because the municipal ordinance, under certain circumstances, required a chain or door to be placed at the entrance to the cellar steps to prevent the happening of accidents. The ordinance provides that when such steps are not covered, they shall be inclosed

---

* Revg. 138 Misc. 557.

with a railing on each side permanently constructed from three to three and one-half feet high, with a gate to open inwardly or with two iron chains across the front of the entranceway, one near the top and one in the center of the railing, to be closed during the night, unless there be a burning light over the steps.

The defendant contends that if a light is placed as directed by the ordinance, a door or chains are not required, and in a case where a door or chains are provided, the entranceway may be left open during the day time but must be closed at night. The plaintiffs contend that at all times a door or chains are required and the entranceway must be kept closed during the day time.

The trial court charged the jury as follows: " If you find that the entrance to this stairway was not guarded or protected at the time the accident is alleged to have taken place, you may take that as an element to be considered by you upon the question of whether or not the defendant was guilty of any ngeligence."

The court was then asked to charge the jury that the stairway shown in the exhibit complied with the ordinance. The court refused to so charge. Counsel for defendant then asked the court to charge that the fact that there was an absence of chains across the front of the stairway in the day time did not create a negligent condition under the ordinance. This the court also refused to charge. There were several other requests to charge which presented this subject to the court. The refusal to charge these requests was error.

This ordinance was before the court in *Greenberg* v. *Schlanger* (229 N. Y. 120). The court there said: " Under the evidence offered any negligence consisted either in the absence of chains or gates; in the height of the riser above the walk, or in the fact that the stairway projected into the street for five inches. The first question may be eliminated. It is true that although the city ordinance upon which the plaintiff relies was not offered in evidence, as the case was tried in New York we may take judicial notice of it. (L. 1917, chap. 382.*) The ordinance, however, referring to gates or chains at cellar ways is confined by its terms to protection at night (Code of Ordinances for 1915, p. 319); so even had it been called to the attention of the jury as bearing upon the question of defendant's negligence it would have been immaterial."

That decision appears to be an authority in favor of the appellant. The conclusion reached by the prevailing opinion at the Appellate Term that the chains must be in place or the gate kept closed during the day time is not in accordance with the direction con-

* Amdg. Greater New York Charter (Laws of 1901, chap. 466), § 1556.—[Rep.

tained in the ordinance, nor the decisions of the appellate courts which have passed upon the subject.

This accident happened in the day time and, therefore, the provisions of the ordinance which require certain additional precautions to be taken at night time only, have no application to the state of facts set forth herein.

It is clear from an examination of the cases which have considered this question as well as the phraseology of the ordinance itself that the purpose thereof is to have such an entrance guarded by either chains or a gate at night or a light overhead so that accidents may be avoided. It is equally clear that the other requirements for the construction of permanent guard rails to the cellar or basement steps have been considered sufficient in the day time when any one who is not negligent may see the condition and avoid an accident. Such steps or stairway are generally in use during the day time for the delivery of merchandise or for use as a means of entrance or exit to part of the building. It is, therefore, clear that it was never intended to require the gate or chains to be closed at all times.

The construction given by the prevailing opinion in the Appellate Term is not in harmony with the provisions of the ordinance or the decisions which have construed that ordinance.

The determination appealed from and the judgment of the City Court should, therefore, be reversed and the complaints dismissed, with costs to the appellant in all courts.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Determination appealed from and the judgment of the City Court reversed and the complaints dismissed, with costs to the appellant in all courts.