Saul S. Streit, J.
Defendant, the City of New York, moves for summary judgment dismissing the complaint.
The first cause of action seeks a declaratory judgment that sales made by plaintiff to customers in New York City are exempt from the city’s general business tax because a tax on such sales would constitute an unconstitutional tax on interstate commerce. The remaining nine causes of action seek recovery *549 of payments of the tax for the years 1944,1945,1946, 1947, 1948, 1949,1950,1951 and 1952. Plaintiff, an Illinois corporation, has no factory or warehouses in the State of New York. Orders solicited from or sent by New York customers are accepted or rejected at plaintiff’s warehouse in Bergenfield, New Jersey. If accepted, the customer is billed from Bergenfield and shipment is made F. O. B. at Bergenfield, title passing at the shipping point. The bills, sent from Bergenfield, call for payment at plaintiff’s office in Elkhart, Indiana, where plaintiff has a factory. The acceptance or rejection of orders at Bergenfield depends on credit limits, fixed by plaintiff’s credit manager at Elkhart, and based on Dun and Bradstreet ratings. Customers who contact the New York office are instructed to mail or phone orders to Bergenfield. No stocks of merchandise, customers’ show rooms or sample rooms are maintained in New York.
The most recent cases decided by the United States Supreme Court, upon which defendant relies, are Norton Co. v. Department of Revenue (340 U. S. 534 [1951]) and Field Enterprises v. Washington (352 U. S. 806 [1956]). In view of the holdings in these cases, earlier cases relied upon by defendant require no discussion. In the Norton case (supra) a Massachusetts corporation, with a factory in Massachusetts and a branch and warehouse in Chicago, admittedly made some sales in Illinois which were conceded to be taxable under the Illinois Occupation Tax, imposed on retailers and measured by gross receipts. The United States Supreme Court held that other sales, where the order was taken at the Chicago branch, forwarded to the factory for acceptance, and filled by shipment either to the Chicago branch for delivery to the customer or by direct shipment to the customer were subject to the tax. The court also held that where the customer by-passed the Chicago branch and dealt directly with the factory, which then shipped the goods to him, the sales were not subject to the tax. The opinion stated (p. 537) that where a corporation ‘‘ chooses to stay at home in all respects ” and only sends drummers to solicit orders, which are sent directly out of the State for acceptance, filling and delivery, the transactions are interstate commerce and immune from taxation by the State in which the orders are solicited and from which they are sent. The court went on, however, to declare that where a corporation elects to ‘ ‘ localize itself ’ ’ in the taxing State it cannot' ‘ gain the advantage of a local business and also hold the immunities of an interstate business ” (p. 539). The basis upon which the transactions which involved the forwarding of orders by the Chicago office were held taxable *550 was that the company had gone into Illinois to transact concededly local business, which was admittedly taxable, and that the taxable and allegedly nontaxable were so mingled that it was difficult to separate them. The court held that, where a foreign corporation goes into a State to do local business, it can avoid taxation on other business only by showing that the sales comprising such other business are disassociated from the purely local sales. Those sales which involved the utilization of the Chicago office to receive orders or distribute goods were, accordingly, held taxable. The court said that the company could not localize itself in the Illinois market, with the advantages of a retail outlet to keep close to the local trade, supply locally many items, reduce freight costs to the consumer and thus channel business through a local outlet to gain the advantages of a local business, and yet hold on to the immunities from State taxation to which interstate commerce is entitled.
The Norton case (supra) is clearly distinguishable from the instant one, for plaintiff makes no sales in New York,, fills no orders in New York, and does not hold itself out to receive orders in New York to be transmitted elsewhere for acceptance, but, on the contrary, directs that all orders go to Bergenfield, New Jersey. The sales held taxable in the Norton case involved the use of the Chicago branch for the receipt or the filling of orders. The facts of the case at bar are similar to those pertaining to the sales held in the Norton case to be free from local taxation, viz., those where the orders went directly out of the State for acceptance, without use of the local branch, and were filled from outside the State by direct delivery to the customers, without utilization of the local branch.
Defendant contends, however, that the subsequent decision in the Field case (352 U. S. 806, supra) where a Washington judgment was affirmed, without opinion, on the' authority of the Norton case, requires a holding that plaintiff’s sales to New York customers are taxable here. The facts in the Field ease appear from the opinion of the Washington court (47 Wn. [2d] 852). In that case orders taken in Washington by the company’s salesmen, though subject to acceptance outside the State, were delivered, accompanied by the down payments, to the company’s Seattle office, which transmitted them to the company’s Chicago office for acceptance. In addition, the salesmen who solicited orders received instruction courses at the Seattle office. Advertising matter was displayed there. Instructional and promotional newsletters were sent from Seattle biweekly and salesmen’s promotional meetings were held there. A relatively small *551 number of orders were, also, accepted in the Seattle office from customers who called there. The Washington court declared: ‘ ‘ it cannot be denied that the services rendered by the taxpayer’s Seattle office are decisive factors in establishing and holding the market in this State ”. No such facts are involved in the instant case.
The activities of plaintiff in its New York offices have no direct relation to the orders obtained in this city or State. Orders are directed to be sent to Bergenfield, New Jersey, where they are accepted or rejected. No advertising displays are to be found in the New York office. Salesmen are not instructed here. The New York office is the scene of some directors’ meetings. The activities of all plaintiff’s nationwide business are controlled from the New York office. General policies are determined here. Contracts for general advertising are signed here, and accounting and credit policies likewise established in New York. On substantial purchases by plaintiff’s factory and warehouses, all of which are outside this State, the New York office makes the price arrangements and executes the purchase orders. It is thus apparent that the New York office is used only for corporate, financial, executive, administrative and similar purposes of a general and nationwide nature and not for establishing or holding a market in this State. The activities of plaintiff in New York are not at all decisive factors in obtaining or retaining a New York market. Their effect on the New York market is extremely indirect and remote.
No case has been cited by defendant where a local tax was held valid in a factual situation similar to that obtaining here. In Atlantic Lbr. Co. v. Commissioner (298 U. S. 553) orders were accepted in the taxing State. In Cheney Bros. Co. v. Massachusetts (246 U. S. 147) the company had not been engaged in interstate commerce (see Ozark Pipe Line v. Monier, 266 U. S. 555, 565-566).
The court is, accordingly, of the opinion that plaintiff’s cause of action for declaratory judgment in its favor should not be dismissed, as requested by defendant, and that plaintiff is entitled to declaratory judgment in its favor, upon its companion motion for that relief.
All but one of the remaining causes of action to recover taxes paid to defendant involve taxes paid without protest. The recent decision of the Court of Appeals, in Mercury Mach. Importing Corp. v. City of New York (3 N Y 2d 418) requires a holding that such payments were voluntary and may not be recovered. The claim that the payments were made under mistakes of fact *552 are without merit. Plaintiff is chargeable with knowledge of the facts relating to its method of doing business. If there was any mistake, it was one of law, and, as such, not a proper basis for recovery (Mercury Mach. Importing Corp. v. City of New York, supra, pp. 426-430). The only payment made under protest was that made on or about June 13,1947 (for the year 1946), more than 6 years and 30 days prior to the commencement of this action. Recovery for said payment is barred by the Statute of Limitations.
The motion to dismiss all causes of action other than the first is accordingly granted.
Settle order.