■ WHITEHALL PHARMACAL COMPANY, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment, insofar as it grants plaintiff's motion for summary judgment on the first cause of action and decrees that the sales made by plaintiff to customers in the City of New York are not subject to the city's general business tax, unanimously reversed, without costs on the law and declaratory judgment directed in favor of appellant City of New York. (See *Berkshire Fine Spinning Associates* v. *City of New York,* 5 N Y 2d 347.) Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Bergan, JJ. [10 Misc 2d 548.]

■ PETE AFIONIS, Respondent, v. STATES MARINE CORP., Appellant, et al., Defendant.— Judgment reversed on the law and the facts and a new trial ordered, with costs to defendant-appellant unless plaintiff-respondent, within 10 days of notice of entry of the order entered herein, stipulates to reduce the verdict to $4,000, in which event the judgment, as thus modified, is affirmed, without costs. In our opinion the verdict of $12,000 is excessive. It was influenced in some part by the reception in evidence of medical opinion of conditions not pleaded or stated in the bill of particulars, e.g., an inflamed condition of the plaintiff's gums and the aggravation of a kidney condition and by medical opinion expressing a vague possibility of a future detachment of the retina upon which the court reserved decision on a motion to strike out. The case went to the jury without decision on the motion and with this medical opinion left in the record. We are of opinion also that there was marked exaggeration of those injuries concerning which the proof was technically correct and within the pleadings. It is our duty, within the frame of our statutory power to review facts (Civ. Prac. Act, § 608), to evaluate the excessiveness or inadequacy of jury verdicts. The power to interfere with verdicts which are against the weight of evidence has always been regarded an inherent power of the court, both at Trial Term and in the Appellate Division (*Schmidt* v. *Brown,* 80 Hun 183; *Schroeder* v. *Syracuse Tr. Corp.,* 9 A D 2d 1012). The fixing of an alternative amount which the court regards as being within the area which it would not regard as excessive is not a substitution of the court's "verdict" for that of the jury. It is, rather, a procedural mechanism to the respondent's advantage. He may follow the usual course upon the setting aside of a verdict held to be against the weight of evidence and go to a new trial;.or he may, if he is so advised, accept the alternative of the lower verdict and resulting judgment. Concur — Breitel, J. P., Rabin, McNally and Bergan, JJ.; Eager, J., dissents in part in the following memorandum: I dissent insofar as the court would reduce the verdict of $12,000 to $4,000 on the plaintiff's stipulation to accept a verdict in such lesser sum. I agree that, on the record here, the verdict is contrary to law and, in amount, is against the weight of the evidence. I cannot, however, agree to the drastic reduction in the verdict proposed by the court. The relevant and admissible testimony of the plaintiff and his experts would, in my opinion, if believed by the trier of the facts, warrant a verdict greatly in excess of the said sum of $4,000 but less than $12,000. If this be so, then the determination here amounts to no more than an effort to compromise the action, and this is not the function of an appellate court. Under the circumstances here, where the fixing of plaintiff's damages depends chiefly upon the resolving of issues of credibility which should be determined by a trier of the facts, I would unconditionally grant a new trial. Settle order on notice.