OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. In view of the concession by Koehring’s trial counsel that the indemnity clause presented a jury question only if the underlying action was "submitted to the jury on a matter of something other than design”, it was not error for the Trial Judge, who later charged the jury on design negligence only, to dismiss the third-party complaint.
Nor is there any basis for reversal of the judgment in favor of plaintiff in the main action. There is evidence in the record from which the jury could have found that there was no design mechanism to hold the seat other than a cotter pin, that the cotter pin could come out without the operator being aware of it, that if the spring mechanism did not elevate the seat it would have to be lifted manually, that with the cotter pin out the seat could be removed, that dirt could get into the pipe holding the spring mechanism and restrict its movement, that with the seat removed and no other restraint the spring was an instrument of danger and that a positive restraint could have been designed and applied to the seat with relatively little cost in relation to the value of the machine. That *827 evidence was clearly sufficient to present jury questions on negligence, foreseeability and proximate cause.
On the issue of contributory negligence, which is a jury question in all but the clearest cases (Wartels v County Asphalt, 29 NY2d 372), there was likewise no error for there was evidence that plaintiff was unaware of the presence of the spring or of its pressure and that when the seat was removed it could only be seen if one leaned back.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.