■ BURNEY WILLIAMS et al., Respondents, v CITY OF NEW YORK, Appellant-Respondent, and FOSTER TRUCK RENTAL AND REPAIR COMPANY, INC., et al., Respondents-Appellants. — In a negligence action to recover damages for personal injuries, etc., (1) defendant the City of New York appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Morton, J.), dated August 11, 1982, as, upon plaintiffs' motion for judgment as a matter of law, absolved the infant plaintiff of liability and, upon a jury verdict on the issue of liability, found it 65% liable for the accident and (2) defendants Foster Truck Rental and Repair Company, Inc., Allyn Harmen and Golden Simcha Poultry, Inc., cross-appeal, as limited by their brief, from so much of said interlocutory judgment as, upon plaintiffs' motion for judgment as a matter of law, absolved the infant plaintiff of liability and held that Allyn Harmen was negligent, and, upon a jury verdict, found them 35% liable. ¶ Interlocutory judgment modified, on the law and the facts, by deleting the second and third decretal paragraphs. As so modified, interlocutory judgment affirmed, insofar as appealed from, and matter remitted to the Supreme Court, Kings County, for a new trial on the issue of apportionment of liability, with costs to abide the event. ¶ On these appeals, defendants urge that the trial court committed reversible error in ruling, as a matter of law, that the infant plaintiff was not negligent. ¶ The facts adduced at the trial are as follows: ¶ On September 7, 1976, plaintiff Burney Williams, a pedestrian, then 16 years old, was attempting to cross Flatlands Avenue at East 103rd Street when he was struck by a truck operated by Allyn Harmen. At the time of the accident the city was engaged in a repaving operation on the eastbound lanes of Flatlands Avenue between East 102nd Street and East 105th Street. Because of the repaving, the eastbound lanes of Flatlands Avenue were closed to traffic at East 103rd Street which is a two-way road running north and south. There was evidence that the city had placed some construction vehicles in the crosswalk of the eastbound lanes. Burney Williams testified that he was unable to cross at the corner of East 103rd Street and Flatlands Avenue because these vehicles were obstructing his path. Instead he walked east a few feet and crossed there to the median separating the eastbound lanes from the westbound lanes on Flatlands Avenue. He further related that before he attempted to cross the westbound lanes he looked to his left where he had an unobstructed view of the westbound lanes on Flatlands Avenue for about six blocks. He did not see any traffic coming. His view of the eastbound lanes was obstructed by a light pole and the construction equipment. He then looked to his right where he was also able to see for a distance of approximately six or seven blocks. In that direction he saw cars stopped at a traffic light at East 105th Street. He then stepped off the median into the street. Defendant Harmen had turned left at East 103rd Street and made a wide S-shaped turn traveling east into the westbound lanes of Flatlands Avenue where his vehicle hit Burney Williams. There is evidence that a safe crossing was available at the intersection of East 105th Street where a traffic light was present. Nonetheless, plaintiff Burney Williams chose to cross at the intersection of East 103rd Street and Flatlands Avenue thereby exposing himself to a known danger. Moreover, he testified that prior to the accident he had seen a car traveling in the wrong direction in the westbound lanes of Flatlands Avenue.

¶ In light of the above testimony, the jury conceivably could have found plaintiff Burney Williams contributorily negligent, thereby diminishing his ultimate recovery under the comparative fault doctrine (see CPLR art 14-A). Such a determination is almost invariably a question of fact (see *Wartels v County Asphalt,* 29 NY2d 372, 379) and is for the jury to determine "in all but the clearest cases" (*MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824, 827). The Court of Appeals in *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507, 517) enunciated the following test for determining whether a fact issue exists for resolution by a jury: "[I]s there a 'valid line of reasoning and [are there] permissible inferences which could possibly lead rational men to the conclusion [of negligence] on the basis of the evidence presented at trial'? (*Cohen v Hallmark Cards,* 45 NY2d 493, 499)". ¶ Here the evidence properly presented a question of fact for the jury. It cannot be said that the permissible inferences which could be drawn from the evidence adduced at trial could not have led a reasonable person to conclude that plaintiff Burney Williams was negligent to some degree. Therefore, the trial court improperly failed to submit this issue to the jury. Nor do we find that the issue was not preserved for our review. It is fundamental that in order to preserve one's right to appeal from a given charge to the jury, one must object to the charge "stating the matter to which he objects and the grounds of his objection" (CPLR 4110-b). There is authority for the proposition that the error, if any, in the trial court's charge will be preserved if an objection is interposed to a ruling of the court on the same subject made during the course of the trial (e.g., *Elenkrieg v Siebrecht,* 238 NY 254; *Galietta v Galietta,* 15 AD2d 603). Concededly, at bar, the court did not expressly rule on plaintiffs' motion for a directed verdict on the issue of comparative negligence but rather reserved decision. Nevertheless, the court clearly enunciated its position and stated fairly conclusively that it would rule in favor of plaintiffs on the motion. In fact, plaintiffs' counsel, in summation, demonstrated that he believed the court had already ruled on the motion. Recognizing that the function of an exception is to provide the court and the opposing party with an opportunity to correct any errors in the conduct of the trial (see *Delaney v Philhern Realty Holding Corp.,* 280 NY 461, 467; *Gangi v Fradus,* 227 NY 452, 458-459), we believe that the remarks of defense counsel at the time of the motion adequately apprised the court of the nature of the objection and preserved the issue for appellate review (CPLR 5501, subd [a], par 4). ¶ Lastly, we note that the trial court properly awarded plaintiffs judgment as a matter of law (CPLR 4401) on the issue of defendant Allyn Harmen's negligence. However, there must be a new trial on the issue of apportionment of liability because the verdict apportioning 65% of the liability to defendant City of New York was against the weight of the evidence. In any event, if the jury upon the new trial finds plaintiff Burney Williams negligent in any degree, such determination would require a reapportionment of liability among the parties. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.