◼ MARIO P. CINCOTTA et al., Respondents-Appellants, v FRANKLIN J. JOHNSON et al., Appellants-Respondents.—In an action to recover damages for personal injuries, etc., (1) the

defendants appeal from a judgment of the Supreme Court, Kings County (Scholnick, J.), entered December 19, 1985, which, upon jury verdicts, is in favor of the plaintiffs and against them in the principal sum of $1,849,000, and (2) the plaintiffs cross-appeal, as limited by their brief, on the ground of inadequacy, from so much of the same judgment as awarded them damages in that amount.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with costs to abide the event.

On August 18, 1982, at approximately 9:45 P.M., the plaintiff Mario P. Cincotta parked his automobile on the south side of Decatur Street in Brooklyn and entered a building which he owned located on the opposite side of the street. After effecting certain repairs inside the building, Mr. Cincotta walked to the street and prepared to cross in order to return to his automobile. Looking in a westerly direction on Decatur, a one-way street, Mr. Cincotta observed the defendants' bus approaching from a distance of approximately 150 feet. Since there was a clear path to his automobile, Mr. Cincotta stepped off the curb at the middle of the block and crossed in front of the approaching bus, which reached him when he was approximately two to three feet from where his automobile was parked. According to Mr. Cincotta—whose testimony in this respect was contradicted by the defendant bus driver—the bus suddenly veered toward the sidewalk as it passed, striking him and throwing him to the ground. Mr. Cincotta further testified that while he was lying in the street, the right front tire of the bus rolled over his left leg and immediately thereafter backed up and rolled over the same leg again.

At the close of the defendants' case, the plaintiffs moved to dismiss the claim that Mr. Cincotta was at fault in the happening of the accident, contending that the proof adduced at trial established that Mr. Cincotta was not at fault as a matter of law. The trial court granted the plaintiffs' motion, and over defendants' objections, removed the issue of the plaintiff Mario P. Cincotta's negligence from the jury's consideration. On appeal, the defendants contend, *inter alia,* that there was evidence from which the jury could rationally conclude that Mr. Cincotta was negligent and that the trial court erred in declining to submit the issue to the jury. We agree and reverse.

The Court of Appeals in *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507) enunciated the following test for determining whether an issue of fact exists for resolution by a jury: "is

there a 'valid line of reasoning and [are there] permissible inferences which could possibly lead rational men to the conclusion [of negligence] on the basis of the evidence presented * * *"? *(Cohen v Hallmark Cards,* 45 NY2d 493, 499)" *(Nallan v Helmsley-Spear, Inc., supra* at 517). Moreover, as this court has observed, "[s]uch a determination is almost invariably a question of fact *(see, Wartels v County Asphalt,* 29 NY2d 372, 379) and is for the jury to determine 'in all but the clearest cases' *(MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824, 827)" *(Williams v City of New York,* 101 AD2d 835, 836). At bar, there was evidence presented from which the jury might have found Mr. Cincotta negligent, thereby diminishing his ultimate recovery under the comparative fault doctrine *(see,* CPLR art 14-A). More specifically, the evidence created issues of fact with respect to whether Mr. Cincotta exercised that degree of care which a reasonably prudent person would have exercised under the circumstances presented *(see, Williams v City of New York, supra).* In light of the foregoing, the trial court erred in not submitting this issue to the jury.

We further note that the court erred in charging the jury that violation of New York City Transit Authority Rule 82, concerning reverse movements of a bus, could be viewed as some evidence of negligence. The jury should have been instructed that a violation of that rule would represent some evidence of negligence only if it first determined that the rule imposed a standard of care no greater than that which reasonable prudence required *(cf., Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 237). However, the court properly submitted to the jury, as questions of fact, the issues respecting the defendants' compliance with Vehicle and Traffic Law former § 1154 (since repealed) and § 1121.

Inasmuch as there is to be a new trial, we need not reach the parties' remaining contentions. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.