■ WILLIAM JACOBS et al., Appellants, v LARRY BISCORNET, INC., Respondent.—In an action to recover damages for injury to property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered December 23, 1987, which, upon a jury verdict, is in favor of the defendant and against them, and from an order of the same court, dated February 2, 1988, which denied their post-trial motion for a judgment notwithstanding the verdict or for a new trial.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

In this action the plaintiffs alleged that due to the negligence of the defendant's employees while draining the plaintiffs' pool, a buildup of hydrostatic pressure caused it to rise out of the ground and settle back down. This resulted in numerous cracks in the pool which the plaintiffs later replaced. At trial the defendant's expert witness, a mechanical engineer involved in the pool industry for 30 years, testified that Larry Biscornet, the defendant's principal, acted exactly as he should have under the circumstances and that he did not deviate from good and accepted practice with respect to what he or his employees did on the day of the incident. There was virtually no expert testimony to the contrary.

We find that the court properly denied the plaintiffs' motion for judgment notwithstanding the verdict as we cannot conclude that there was simply no valid line of reasoning and permissible inference which could lead rational people to the conclusion reached by this jury on the basis of the evidence adduced at trial (see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth., 46 NY2d 528). The court also acted properly in declining to set aside the verdict as against the weight of the evidence and ordering a new trial since the jury could have reached the verdict upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Lastly, the court did not err in instructing the jury that if it found the defendant negligent it should then consider the comparative negligence of the plaintiffs (see, MacDowall v Koehring Basic Constr. Equip., 49 NY2d 824). In any event, as the jury found that the defendant was not negligent, they never had the occasion to consider this charge. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.