■ YOLANDA CACCIOLO, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered June 28, 1989, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $712,000, and apportioned 20% of the fault in the happening of the accident to the defendant Port Authority of New York and New Jersey and 80% of the fault against the defendant Otis Elevator Company. The appeal brings up for review an interlocutory order of the same court dated May 5, 1989, which denied the motion of the defendant Port Authority of New York and New Jersey for indemnification against the codefendant Otis Elevator Company.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the defendants are granted a new trial with respect to liability only, with costs to abide the event; and it is further,

Ordered that the order is vacated, and the motion for indemnification is granted.

The plaintiff commenced this negligence action against the Port Authority of New York and New Jersey (hereinafter the Port Authority) and Otis Elevator Company (hereinafter Otis) for injuries allegedly sustained when the doors of an elevator located in the World Trade Center closed rapidly upon her as she was entering it. The jury found Otis to be 80% at fault in the happening of the accident, and the Port Authority to be 20% at fault and awarded the plaintiff $700,000 for pain and suffering and lost earnings, plus $12,000 for medical expenses.

The defendants contend that the trial court erred in submitting the case to the jury on the theory of res ipsa loquitur. Submission of a case to a jury on the theory of res ipsa loquitur is appropriate when a plaintiff establishes that (1) the event was of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the agency or instrumentality which caused the event is within the exclusive control of the defendant, and (3) the event was not due to any

voluntary action or contribution on the part of the plaintiff *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219; *Weeden v Armor El. Co.,* 97 AD2d 197). Application of the doctrine may be warranted if "upon 'a common sense appraisal of the probative value' of the circumstantial evidence, measured in part by the test of whether it is the best evidence available [an] inference of negligence is justified" *(Foltis, Inc. v City of New York,* 287 NY 108, 115).

The evidence in this case shows that submission of the case to the jury on the theory of res ipsa loquitur was inappropriate. The plaintiff testified that when the elevator arrived on her floor, she noticed that the doors opened only about "three quarters" of the way, instead of opening fully, and that even though she found this to be unusual, she proceeded to enter the elevator. She then stated that the doors closed rapidly on her, and that when the doors struck her, they did not retract. However, the plaintiff also testified that a man who was waiting for the elevator with her immediately reached up with his hand, pushed the doors back, and entered the elevator without further event. Significantly, the plaintiff testified that the elevator's doors operated normally, i.e., opened fully and closed as they were supposed to, when it arrived at the floor to which she was going. Under the circumstances, it is possible that the doors retracted when they touched the plaintiff. Thus, the proof in this case is not only " 'capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act' ", but also allows for an inference that the plaintiff may have been comparatively negligent *(see, Feblot v New York Times Co.,* 32 NY2d 486, 495, quoting *Digelormo v Weil,* 260 NY 192, 199-200).

While in a proper case circumstantial evidence of an elevator door malfunction might be sufficient to permit the inference of negligent maintenance as to some mechanical device controlling the operation of the door over which only the defendant has control *(see, Rogers v Dorchester Assocs.,* 32 NY2d 553; *Feblot v New York Times Co., supra),* the present case does not fall into that category. In the case at bar, the plaintiff could have decided not to enter what she concededly perceived to be an "unusual" situation. In addition, the necessary exclusivity of control over the operation of the doors of the elevator by the Port Authority or Otis was missing under the particular facts herein *(see, Feblot v New York Times Co., supra,* at 496).

Since the plaintiff failed to establish the elements of exclu-

sive control and that the accident was not due to any voluntary action or contribution on her part, the trial court erred in instructing the jury with respect to res ipsa loquitur.

The court also erred by instructing the jury that if they believed the plaintiff's testimony as to how the accident occurred, then, as a matter of law, the plaintiff was not negligent. The issue of whether or not a party is negligent is almost invariably a question of fact for the jury to determine in all but the clearest cases (see, MacDowall v Koehring Basic Constr. Equip., 49 NY2d 824; Cincotta v Johnson, 130 AD2d 539). Here, the plaintiff testified that she proceeded to enter the elevator even though the doors opened only three-quarters of the way, which she found to be unusual. Thus, there was evidence from which the jury might have found that the plaintiff was comparatively negligent.

Furthermore, it was error for the trial court to admit into evidence the entries on a report which pertained to repairs made subsequent to the accident. The general rule is that evidence of subsequent repairs is not admissible in a negligence case (see, Getty v Town of Hamlin, 127 NY 636; Klatz v Armor El. Co., 93 AD2d 633) to show negligence or as an admission of negligence (see, Di Paolo v Somma, 111 AD2d 899; Danielson v City of New York, 283 App Div 1019). Since Otis conceded that it was responsible for the maintenance of the elevator in question pursuant to its service contract with the Port Authority, there was no issue of control or maintenance here (see, Klatz v Armor El. Co., supra).

The trial court erred in denying the Port Authority's motion for indemnification from Otis. At bar, the record shows that, pursuant to its contract with the Port Authority, Otis undertook to inspect, maintain, and repair all the elevators and escalators in the World Trade Center. That Port Authority personnel may have also made periodic inspections of the elevators and notified Otis of the results thereof does not alter that Otis was exclusively responsible for servicing the elevators under the contract. Under the facts herein, the Port Authority was entitled to indemnification from Otis (see, Mas v Two Bridges Assocs., 75 NY2d 680; Rogers v Dorchester Assocs., 32 NY2d 553, supra).

We have considered the parties' remaining contentions and have found them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.