■ RAYMOND E. GUDENZI-RUESS et al., Respondents, v CUSTOM ENVIRONMENTAL SYSTEMS, INC., Doing Business as MORRISON'S CUSTOM MANAGEMENT, et al., Defendants and Third-Party Plaintiffs-Appellants. NORTHERN DUTCHESS HOSPITAL, Third-Party Defendant-Appellant. [622 NYS2d 833] —Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered November 4, 1993 in Columbia County, which denied defendants' motion for summary judgment dismissing the complaint and third-party defendant's cross motion for summary judgment, inter alia, dismissing the third-party complaint.

Plaintiff Raymond E. Gudenzi-Ruess (hereinafter plaintiff) brought this action to recover for injuries he allegedly sustained at approximately 3:30 A.M. on January 15, 1990 when he fell on accumulated snow or ice in the course of his employment as a security guard for third-party defendant, Northern Dutchess Hospital. The claim of liability against defendants is based upon their alleged contractual obligation

to maintain third-party defendant's grounds and ways, including the removal of accumulations of snow and ice. Defendants assert as affirmative defenses, *inter alia,* plaintiff's own culpable conduct and their lack of notice of the defect giving rise to plaintiff's injuries. Following discovery, defendants moved for summary judgment dismissing the complaint; third-party defendant cross-moved for summary judgment dismissing the third-party action. Supreme Court denied the motions and defendants and third-party defendant appeal.

We affirm. In support of their motion for summary judgment, defendants came forward with deposition testimony sufficient to sustain a finding that plaintiff's work responsibilities required him, in the event he became aware of a slippery snow or ice condition upon the path he followed in the course of his tour of duty, to either (1) spread sand or salt on the slippery area, (2) report the condition to the chief of security, or (3) if the condition could not be corrected, delete the area from his tour and note the unsafe condition in the security log. It was also shown that prior to the accident, plaintiff had been on duty for over three hours, completed at least one tour of duty and neither corrected, reported nor made a security log entry concerning the dangerous condition that gave rise to his injuries. Nonetheless, evidence of plaintiff's own culpable conduct by no means absolves defendants and third-party defendant of liability. Notably, the question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact *(see, Cincotta v Johnson,* 130 AD2d 539; *Williams v City of New York,* 101 AD2d 835). Further, plaintiff opposed the motion with evidence supporting a finding that the dangerous condition had existed for a period of time sufficient to provide defendants and third-party defendant with at least constructive notice of it *(see, Negri v Stop & Shop,* 65 NY2d 625, 626). As a final matter, we note that third-party defendant has not filed a brief in support of its appeal, which we deem abandoned.

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.