■ CHRISTINE L. MAHONEY, Appellant, v ROBERT J. MAHONEY, Respondent. [707 NYS2d 880] —In a matrimonial action in which the parties were divorced by judgment dated February 27, 1998, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Kings County (Rigler, J.), dated February 5, 1999, which, *inter alia,* (1) denied that branch of her motion which was to recover certain college expenses pursuant to an agreement between the parties, (2) determined that the transfers of funds made by the defendant from two bank accounts and the interest held by the defendant in retirement and pension funds were to be considered payment toward child support, and (3) purportedly denied that branch of her prior cross motion which was for an award of counsel fees.

Ordered that the appeal from so much of the order as failed to determine that branch of the prior cross motion which was for counsel fees is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff contends that the Supreme Court considered only the Submissions in Lieu of Trial Testimony and previous orders in making its child support calculations and, thus, overlooked important information. There is no merit to this contention. Two of the items which the plaintiff claims were overlooked by the court are mentioned in the order appealed from. In addition, other information also deemed salient by the plaintiff was included in her own Submission in Lieu of Trial Testimony and was therefore available for the court's consideration. Further, the plaintiff failed to demonstrate that she had complied with the conditions found in an agreement existing between the parties with respect to college fees, a condition precedent under the agreement to the defendant becoming liable for contribution for such expenses.

By order dated July 28, 1997, the Supreme Court reserved decision on that branch of the plaintiff's prior cross motion which was for an award of counsel fees, but failed to determine that branch of the prior cross motion in the order appealed from. Accordingly, the appeal from so much of the order dated February 5, 1999, as failed to determine that branch of the plaintiff's prior cross motion must be dismissed, as that branch of the cross motion remains pending and undecided (*see, Katz v Katz*, 68 AD2d 536).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.