■ MICHELLE GELOSO, Respondent, v GRIETJE MONSTER et al., Appellants. [734 NYS2d 340] —Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered September 21, 2000 in Montgomery County, which, *inter alia*, granted plaintiff's motion to set aside the verdict and ordered a new trial on the issue of damages.

This personal injury action arose out of an August 1997 motor vehicle accident. Plaintiff was taken to a local hospital where she was treated and released with bandages, a crutch and prescription pain medication. Continuing to experience complaints of pain, she visited two hospitals in the weeks after the accident; both facilities conducted diagnostic tests and released her with additional pain medication. Advised further to follow up with her primary care physician or chiropractor, plaintiff began to treat with David Cerniglia, a chiropractor.

This action was commenced in May 1998, with plaintiff alleging, *inter alia*, a "permanent loss of use of a body organ, member, function or system" and a "medically determined injury or impairment of a non-permanent nature which prevents [her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). At a jury trial, wherein testimony was received from plaintiff, her family members and Cerniglia, both parties moved for directed verdicts. Supreme Court granted plaintiff's motion on the issue of proximate cause and reserved decision on defendants' motion on the issue of serious injury under the permanent loss category; plaintiff's motion for a directed verdict on that same issue was denied. Prior to submission of the charge to the jury, the court opined that an issue of fact existed regarding the nature of plaintiff's injuries.

In submitting the charge to the jury on the permanent loss of use category, Supreme Court instructed that it was not necessary to find a total loss of the member, function or system in question. Rather, the jury could find that the member, function or system operated in some limited way. No objection was taken either to the charge or the verdict sheet which so stated.

The jury determined that plaintiff had not sustained a serious injury in the 90/180-day loss category but had sustained a serious injury in the permanent loss category. It awarded her $3,300 for past pain and suffering and $6,000 for five years of future pain and suffering. Plaintiff's motion to set aside the damage award on the ground of inadequacy was granted. Consequently, Supreme Court ordered a new trial on the issue of damages unless the parties agreed to stipulate to its delineated increase in plaintiff's award. Defendants appeal arguing, among other things, that Supreme Court erred in denying their motion for a directed verdict since there was insufficient proof on the issue of serious injury. Notably, after this verdict was rendered, the Court of Appeals held that "to qualify as a serious injury within the meaning of the statute, 'permanent loss of use' must be total" (*Oberly v Bangs Ambulance*, 96 NY2d 295, 299).

Preliminarily, we note that Supreme Court's failure to expressly rule on defendants' motion for a directed verdict "was tantamount to a denial" (*Afionis v States Mar. Corp.*, 17 AD2d 615, 615; *see, Greenberg v Schlanger*, 229 NY 120, 123; *Millard v City of Ogdensburg*, 274 AD2d 953, 954; *compare,*

*Mahoney v Mahoney*, 272 AD2d 303, 304; *Katz v Katz*, 68 AD2d 536, 542-543). As such, this "trial ruling * * * is reviewable only on an appeal from the final judgment" (*Kemp v Lynch*, 283 AD2d 934, 934; *see*, CPLR 5501 [a] [3]; *Radford v Sheridan Prods.*, 181 AD2d 667, 668). As our review of Supreme Court's order setting aside the jury's award of damages could result in our reinstatement of the jury verdict, as a final order it will bring up for review errors raised with respect to the court's disposition of the motions for a directed verdict* (*see*, CPLR 5501 [a] [1]). For this reason, we first address the propriety of the ruling to order a new trial on the issue of damages.

Plaintiff was 19 years old and in good health prior to the accident. She actively worked in her family's restaurants as a waitress and participated in such recreational activities as dancing and basketball; she contended that all these activities were impacted by the injuries she sustained in the accident. Cerniglia, her treating chiropractor from August 1997 through January 1999, described her injuries as a "mild permanent disability" of her cervical lumbar spine, causing up to a 25% limitation in the use of her back. At the time of trial, plaintiff acknowledged that many of her symptoms had abated or resolved, that she had returned to performing household chores, had become gainfully employed and was exercising at a gym up to five times a week.

Upon this evidence, we conclude that Supreme Court erred in setting aside the jury's award of damages as contrary to the weight of the evidence (*see*, CPLR 4404 [a]). Since considerable deference must be accorded to the jury's interpretation of the evidence, for plaintiff to be successful on this motion " 'the record must indicate that the evidence so preponderate[d] in [plaintiff's] favor that the verdict could not have been reached on any fair interpretation of the evidence' " (*Britvan v Plaza At Latham*, 266 AD2d 799, 800, quoting *Seargent v Berben*, 235 AD2d 1024, 1025). Within these parameters, we cannot conclude that the jury's award of $3,300 for past pain and suffering and $6,000 for future pain and suffering deviated materially from what could be considered reasonable compensation (*see*, *Britvan v Plaza At Latham*, *supra*). Accordingly, we re-

* We note that defendants fully briefed all issues pertaining not only to Supreme Court's grant of a new trial on the issue of damages, but also its disposition of their motion for a directed verdict. As there exists a complete record from which we may fully review this motion, we will treat defendants' notice of appeal as an application for leave to appeal from the denial of their motion for a directed verdict and so grant the application (*see*, CPLR 5701; *Lavin v Lavin*, 263 AD2d 932, 933).

verse Supreme Court's order granting a new trial on the issue of damages.

Next, we squarely address defendant's motion for a directed verdict which challenged the sufficiency of the evidence presented to establish a serious injury in the permanent loss category (*see,* Insurance Law § 5102 [d]). Despite defendant's failure to object to the jury charge, the issue was preserved for our review (*see, Elenkrieg v Siebrecht,* 238 NY 254, 263; *Greenberg v Schlanger,* 229 NY 120, 123, *supra; Williams v City of New York,* 101 AD2d 835, 836; *Galietta v Galietta,* 15 AD2d 603, 603-604; *compare, Kroupova v Hill,* 242 AD2d 218, *appeal dismissed* 92 NY2d 843, *lv dismissed, lv denied* 92 NY2d 1013). Since "cases on direct appeal will * * * be decided in accordance with the law as it exists at the time the appellate decision is made" (*People v Favor,* 82 NY2d 254, 260), we must conclude that by the Court of Appeals' recent decision in *Oberly v Bangs Ambulance* (96 NY2d 295, 299, *supra*), requiring a "total loss of use" (*id.,* at 297; *see, Mikl v Shufelt,* 285 AD2d 949, 950) to qualify as a serious injury under the permanent loss of use category (*see,* Insurance Law § 5102 [d]), plaintiff's proof is wholly inadequate. For this reason, defendant's motion for a directed verdict should have been granted.

Accordingly we hereby reverse the order granting plaintiff's motion to set aside the verdict and then grant defendant a directed verdict, thereby dismissing the complaint.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, plaintiff's motion to set aside the verdict denied, directed verdict granted in favor of defendant and complaint dismissed.