■ JULIA SHARP et al., Respondents, v MIKE ROB, Doing Business as FUN CITY SHOWS, et al., Appellants. (Appeal No. 1.) [773 NYS2d 704]—

Appeal from a judgment of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 21, 2002. The judgment awarded plaintiffs damages in the amount of $297,200, plus costs and disbursements, upon a jury verdict, in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the verdict is set aside and a new trial is granted.

Memorandum: Julia Sharp (plaintiff) injured her coccyx when

she and her daughter slid down a carnival slide operated by defendants. Plaintiffs commenced this negligence action alleging that defendants negligently erected, maintained and operated the carnival slide and, following a jury trial, judgment was entered in favor of plaintiffs, awarding them damages of approximately $299,000. We agree with defendants that Supreme Court should have granted their motion to set aside the verdict and for a new trial based on the court's error in charging the doctrine of res ipsa loquitur. Because the slide was subject to "extensive public contact," plaintiffs did not establish that defendants had the requisite exclusive control over it to establish their entitlement to the charge (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]). Furthermore, the injuries sustained by plaintiff could have been caused by her "voluntary action" of sliding with her 30- to 35-pound daughter on her lap while seated in an upright position (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 142-143 [2000]; *Cacciolo v Port Auth. of N.Y. & N.J.*, 186 AD2d 528, 529 [1992]). In light of our determination, we do not address defendants' remaining contentions. Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.